IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ARNOLD OIL PROPERTIES, L.L.C., )
)
    Plaintiff, )
)
v. ) Case No. CIV-08-1361-D
)
SCHLUMBERGER TECHNOLOGY )
CORPORATION, )
)
    Defendant. )

**O R D E R**

Before the Court are the parties' respective motions in limine [Doc. Nos. 50 and 58], which are fully briefed and at issue.[1]

**A. Plaintiff's Motion**[2]

Plaintiff moves to prohibit argument by Defendant at trial regarding the applicability of two provisions of a written contract between the parties – an indemnity provision in Paragraph 9 and a limitation of liability provision in Paragraph 12. Plaintiff argues in support of the Motion that the written contract is ineffective, and an oral agreement between the parties controls instead, because Defendant had already performed the agreed-on services before the written contract was executed. Based on facts stated in the Motion, Plaintiff asserts: "Plaintiff is not, as a matter of law, bound by the [written contract's] terms." *See* Pl.'s Motion [Doc. No. 58] at 2.

Plaintiff's contention concerning the effectiveness of the written contract – although also presented as a legal issue in the Final Pretrial Report and addressed in the parties' trial briefs – is

---

[1] With its motion, Defendant made a supplemental filing of exhibits that was docketed as a "Supplemental Motion in Limine" [Doc. No. 59]. Although the motion does not comply with LCvR7.1(k), no objection was made and the additional exhibits were included in a courtesy copy of Defendant's brief. The Court grants Defendant's request to supplement its brief, and considers the additional exhibits.

[2] Plaintiff was permitted to withdraw a part of its motion. *See* Order 7/26/10 [Doc. No. 65] (withdrawing Proposition 2). Only Proposition 1 of Plaintiff's Motion remains under consideration.

inconsistent with Plaintiff's prior admissions and the Court's prior rulings in the case. In Plaintiff's pleading in reply to Defendant's counterclaim, Plaintiff expressly admitted the following allegation by Defendant: "Plaintiff entered into an enforceable contract (Exhibit "1") with Defendant for cement services." *See* Pl.'s Answer [Doc. No. 12]; Def.'s Answer [Doc. No. 10], ¶ 39. Exhibit 1 to Defendant's pleading was a copy of the written contract. Further, Plaintiff's Motion concerns issues that were the subject of a motion for summary judgment filed by Defendant and a ruling by the Court pursuant to Fed. R. Civ. P. 56. *See* Order 2/4/10 [Doc. No. 43]. Plaintiff's contention that the written contract is unenforceable is inconsistent with undisputed facts shown by the summary judgment record, which included the following: Plaintiff knew when it engaged Defendant to perform cement services that Defendant required the execution of a written contract with terms and conditions; that the written contract was in fact executed by Plaintiff's authorized representative; and that the written contract covered the services provided by Defendant. *See id*. at 2.

On the other hand, the Court notes that Defendant has included an issue in the Final Pretrial Report, and presented arguments in its trial brief, regarding Paragraph 9 of the written contract. Defendant argues, in essence, that Paragraph 9 operates as an exculpatory clause precluding liability to Plaintiff. This contention is inconsistent with the Court's Order of February 4, 2010, construing Paragraph 9 as a matter of law.

The Court adheres to the rulings previously made in its summary judgment order. There, the Court determined that the indemnity provisions in Paragraph 9 do not operate as an exculpatory clause, but that contested factual issues prevent a summary determination regarding the enforceability of the limited liability provision in Paragraph 12. *See id*. at 6, 8. Plaintiff's Motion and the parties' current briefs provide no basis to reconsider these prior rulings. Further, the listing

of these matters as legal issues in the Final Pretrial Report was addressed by the Court during the pretrial conference held on September 9, 2010.

Therefore, to the extent Plaintiff seeks an order reaffirming the Court's summary judgment ruling and precluding Defendant from arguing that Paragraph 9 operates as an exculpatory clause, the Motion is granted. To the extent Plaintiff seeks a substantive ruling regarding the effectiveness of Paragraph 12, the Motion is denied.

**B.    Defendant's Motion**

Defendant seeks to exclude evidence and argument concerning three subjects: 1) Defendant's size, revenue, or number of employees; 2) meetings and communications between the parties that may constitute compromise or settlement negotiations; and 3) notes prepared by or for Plaintiff's representative, Blake Arnold.[3]

**1.    Defendant's Size and Financial Resources**

Defendant contends any evidence concerning its corporate size or resources is irrelevant to any trial issue and would be unduly prejudicial and, therefore, is inadmissible under Fed. R. Evid. 401 and 403. Plaintiff contends this evidence is relevant to the issues of Defendant's superior expertise regarding the subject matter of the parties' contract and punitive damages.

Although Plaintiff is correct that Defendant's size and wealth are relevant to the issue of an amount of punitive damages, this issue does not arise until a second stage proceeding. *See* Okla. Stat. tit. 23, § 9.1. This evidence is irrelevant to the issue of Defendant's liability for damages and, therefore, is inadmissible during the first stage of the trial, unless offered for another purpose.

---

[3] Defendant also moves to exclude any reference to the filing of its motion. However, Defendant presents no argument or authority regarding this request, and Plaintiff makes no response to it. In fact, the requested ruling conforms to common trial practice and merits no discussion.

Plaintiff's argument that Defendant's expertise and sophistication are relevant to other trial issues is not adequately developed in the existing record to permit a pretrial ruling regarding the admissibility of any particular evidence. It would seem that Plaintiff could establish Defendant's expertise with regard to the oilfield service at issue – a cement job – without addressing the size or financial condition of the corporation. Nevertheless, the Court will reserve a ruling on this issue.

Therefore, Defendant's Motion concerning issue No. 1 is denied, but Plaintiff is instructed to give advance notice outside the presence of the jury at trial before making any reference to or offering any evidence of Defendant's size or financial resources.

**2.  Communications Between the Parties**

Defendant contends that evidence of meetings and discussions between the parties about the cement job after it was completed should be excluded under Fed. R. Evid. 408 as conduct or statements made in compromise negotiations. Plaintiff disagrees that these business meetings and communications constituted compromise negotiations. Plaintiff contends that, except for an offer made by Defendant during a meeting on August 29, 2007, to write-off the cost of the job, evidence concerning the meetings and the parties' discussions is fully admissible.[4]

Plaintiff's position is supported by *Big O Tire Dealers, Inc. v. Goodyear Tire & Rubber Co.*, 561 F.2d 1365, 1373 (10th Cir. 1977), in which the court of appeals affirmed a trial judge's decision to admit evidence of communications between the parties concerning their competing uses of the term "Bigfoot" to refer to automobile tires, and to exclude only evidence that the defendant company expressed interest in paying money for its use of the term. In that case, a series of discussions between company executives reached no resolution, and the parties then ceased communications;

---

[4] Because Plaintiff agrees that it is prohibited from mentioning Defendant's offer, the Court finds this aspect of Defendant's Motion to be moot.

approximately 6 weeks later, the plaintiff company filed suit for unfair competition and trademark infringement. The trial court found the parties' communications did not constitute compromise negotiations but "were simply business communications and were relevant to show knowledge, willful infringement, and misconduct" by the defendant company. *Id*. at 1372. On appeal, the Tenth Circuit concluded there was no error in the finding that the parties' communications were not compromise negotiations because "[t]he discussions had not crystallized to the point of threatened litigation, a clear cut-off point" before the conversations ended. *Id*. at 1373.

Similarly here, the fact that the parties met to discuss what happened and to resolve a problem does not mean they were engaged in compromise negotiations. There is no suggestion that the discussions had crystallized to the point of threatened litigation at the time that the meetings and communications between the parties occurred. With the exception of Defendant's offer to absorb the cost of the cement job, the Court finds no offer or attempt to compromise a claim that would be inadmissible under Rule 408. On the other hand, Plaintiff fails to explain in its brief the relevance of any particular communication or the purpose for which it intends to offer such evidence. Accordingly, the Court concludes, as it did above with regard to issue No. 1, that it cannot rule in advance of trial on Plaintiff's proposed use of evidence of the parties' business meetings and communications about the cement job.

Therefore, Defendant's Motion concerning issue No. 2 is denied, but Plaintiff is instructed to give advance notice outside the presence of the jury before referring to or offering evidence of the parties' communications at trial.

### 3. Mr. Arnold's Notes and Internal Memoranda

Defendant moves to exclude certain documents that consist of Mr. Arnold's notes and a memorandum prepared by another employee. Defendant contends these materials are inadmissible under Fed. R. Evid. 602 because they were not based on personal knowledge and inadmissible under

5

Fed. R. Evid. 802 because they contain hearsay statements. Plaintiff responds that the notes memorialize Plaintiff's internal investigation and statements made by Defendant's representatives and provide a contemporaneous record of what transpired. Plaintiff argues several exceptions to the hearsay rule. However, the parties do not identify in their arguments particular documents or pages of documents to which they refer.

The Court finds the existing record to be insufficient to rule on the admissibility of the documents at issue in advance of trial. Further, due to the nature of Defendant's objections and Plaintiff's arguments, the Court finds that contemporaneous objections to particular documents will be required to permit a resolution of the evidentiary issues.

## Conclusion

For the reasons stated above, the Court rules that Defendant is prohibited from arguing during trial that Paragraph 9 of the parties' written contract operates as an exculpatory clause but all other evidentiary issues raised by the parties must be resolved at trial.

IT IS THEREFORE ORDERED that Defendant's Motion in Limine [Doc. No. 50] is DENIED; Plaintiff's Motion in Limine [Doc. No. 58] is GRANTED in part and DENIED in part; and Defendant's Motion to Supplement [Doc. No. 59] is GRANTED, as set forth herein.

IT IS SO ORDERED this 9th day of September, 2010.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE