IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ARNOLD OIL PROPERTIES, L.L.C., )
                                             )
                    Plaintiff, )
                                             )
v.                                           )       Case No. CIV-08-1361-D
                                             )
SCHLUMBERGER TECHNOLOGY )
CORPORATION, )
                                             )
                    Defendant. )

**O R D E R**

Before the Court is Defendant's Renewed Motion for Judgment as a Matter of Law as to the Enforceability of the Limitation of Liability Provision of the Parties' Contract [Doc. No. 94], filed pursuant to Fed. R. Civ. P. 50(b). Defendant renews its trial motion under Rule 50(a), challenging the sufficiency of the evidence to support Plaintiff's assertion that Paragraph 12 of the parties' written contract – which would limit Defendant's liability to the value of the services performed, or $40,893.37 – is unenforceable. The Motion is fully briefed and at issue.

**A.     Standard of Decision**

Defendant may obtain a judgment as a matter of law only if the Court concludes based on all of the trial evidence "that a reasonable jury would not have a legally sufficient evidentiary basis to find" for Plaintiff under controlling law. *See* Fed. R. Civ. P. 50(a)(1); *see also Wagner v. Live Nation Motor Sports, Inc.*, 586 F.3d 1237, 1244 (10th Cir. 2009). A Rule 50 judgment is proper "'only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position.'" *See Hysten v. Burlington N. Santa Fe Ry. Co.*, 530 F.3d 1260, 1269 (10th Cir. 2008) (quoting *Tyler v. RE/MAX Mountain States, Inc.*, 232 F.3d 808, 812 (10th Cir. 2000)); *see also Wagner*, 586 F.3d at 1244; *Deters v. Equifax Credit Info. Servs., Inc.*, 202

F.3d 1262, 1268 (10th Cir. 2000). Thus, in considering Defendant's Motion, the Court must view the evidence in the light most favorable to Plaintiff and give Plaintiff the benefit of all reasonable inferences. *See Davis v. United States Postal Serv.*, 142 F.3d 1334, 1339 (10th Cir.1998); *see also Wagner*, 586 F.3d at 1244; *Deters*, 202 F.3d at 1268. The Court may "not weigh the evidence, pass on the credibility of the witnesses, or substitute [its] conclusions for those of the jury." *See Baty v. Willamette Indus., Inc.*, 172 F.3d 1232, 1241 (10th Cir. 1999), *overruled on other grounds*, *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002); *see also Wagner*, 586 F.3d at 1244; *Deters*, 202 F.3d at 1268.

**B.     Analysis**

To invalidate the limitation of liability provision in Paragraph 12, Plaintiff was required to prove either that Defendant's conduct amounted to gross negligence or that there was unequal bargaining power between the parties at the time they entered into the contract. Because the jury found no gross negligence, the only issue raised by Defendant's post-trial motion is whether the trial evidence could support the jury's finding of unequal bargaining position. Defendant admits the Court properly instructed the jury that Plaintiff bore the burden of proof on this issue and that the appropriate factors to be considered were the importance of the subject matter to Plaintiff's well-being and the amount of free choice Plaintiff could have exercised in seeking alternative services. However, Defendant argues that "[t]he undisputed evidence introduced at trial precluded a finding in Plaintiff's favor under the above test." *See* Def.'s Renewed Motion [Doc. 94] at 4.

Under the deferential standard applicable to Rule 50 motions, the Court respectfully disagrees with Defendant's assessment of the trial evidence. Viewed in the manner required by Rule 50, the Court finds that the evidence admitted at trial was sufficient to permit the jury

reasonably to find that Plaintiff and Defendant held positions of unequal bargaining power at the time of contracting.

Defendant's argument rests solely on the testimony of Plaintiff's representative, Scott Thompson, that he did not try to negotiate the terms of Defendant's service contract and he knew from "casual conversation with sales people" that other companies used similar "take it or leave it" contracts. *See* Def.'s Motion, Ex. 2 [Doc. 94-2] at 3 (Tr. 9/14/10 at 46). However, Mr. Thompson also testified that only three companies could provide the type of specialized service Plaintiff needed to complete a deep, high-pressure well. He further testified, based on his industry experience, that he knew all three companies used similar, onerous contract terms and that these terms were non-negotiable: "If you don't agree to this, they won't do the work." *See id*. Defendant presents no authority for the proposition that Plaintiff was required to present evidence of unsuccessful efforts to negotiate a particular contract term in order to establish unequal bargaining power.

In short, the Court finds Mr. Thompson's testimony, if believed, as well as other evidence cited by Plaintiff, sufficiently supports the jury's verdict and precludes the granting of a Rule 50 motion. In fact, a reasonable inference to be drawn from the trial evidence was that the non-negotiable nature of the form contract was so well known that Plaintiff did not see the written contract, and Defendant did not ask Plaintiff to sign it, until the work had already been completed. Accordingly, the Court stands by its trial ruling that the issue of unequal bargaining power was properly submitted to the jury and there was sufficient evidence to support its verdict that the limitation of liability provision was unenforceable under the circumstances.

IT IS THEREFORE ORDERED that Defendant's Renewed Motion for Judgment as a Matter of Law as to the Enforceability of the Limitation of Liability Provision [Doc. No. 94] is DENIED.

IT IS SO ORDERED this 21st day of December, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE