IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ARNOLD OIL PROPERTIES, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-08-1361-D |
| | ) | |
| SCHLUMBERGER TECHNOLOGY CORPORATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Plaintiff Arnold Oil Properties, L.L.C.'s Motion for Attorney Fees [Doc. No. 92], filed pursuant to Fed. R. Civ. P. 54(d)(2). Plaintiff requests an award of attorney fees and expenses allegedly authorized by Okla. Stat. tit. 12, § 936, in the total amount of $304,929.82. Defendant opposes the Motion on the grounds that § 936 does not apply and the amount requested is unreasonable in light of Plaintiff's limited success.[1] The Motion is fully briefed and at issue.

**A.     Factual Background**

Defendant provided cement services to Plaintiff for the completion of an oil and gas well. Each party blamed the other when the well could not be completed as planned. The well was ultimately completed at additional cost. Plaintiff brought suit to recover its alleged damages of $915,922 under alternative legal theories of breach of contract and negligence. Defendant asserted

---

[1] Defendant, in a footnote, also requests a hearing so that "it can further challenge the reasonableness of the fees requested by Plaintiff, including, but not limited to, the hourly rates charged by counsel and the various tasks on which Plaintiff seeks recovery of fees." *See* Def.'s Resp. Br. [Doc. No. 98] at 2 n.2. The Court does not routinely conduct evidentiary hearings regarding fee applications, particularly where the fee request is fully supported by counsel's affidavit and detailed billing records and no specific objection is made. In this case, the Court finds that the documentation supplied by Plaintiff, together with the Court's familiarity with the case, provide an adequate basis to determine a reasonable fee, and thus, no hearing is necessary. *See Robinson v. City of Edmond*, 160 F.3d 1275, 1286 (10th Cir. 1998) ("there is no need for an evidentiary hearing in a[n] attorney's fees case when a record has been fully developed through briefs, affidavits, and depositions").

a counterclaim to be paid for its cement services. The case proceeded to a jury trial, which resulted in a verdict for Plaintiff on all claims, but a finding of 50% contributory negligence. The jury found the amount of Plaintiff's damages was $350,000. Plaintiff subsequently elected to recover on its breach of contract claim, and judgment was entered accordingly. As stated above, Plaintiff now seeks to recover its legal fees and expenses under § 936 as the prevailing party.

**B.    Analysis**

    **1.    Right to an Attorney Fee Award**

Plaintiff invokes a fee-shifting statute that authorizes "a reasonable attorney fee to be set by the court" for the prevailing party "[i]n any civil action to recover for labor or services rendered." *See* Okla. Stat. tit. 12, § 936. The parties disagree whether this case was such an action. Plaintiff argues that the statute applies when an action seeks to recover from the defendant the cost of labor and services expended by third parties, citing *ONEOK, Inc. v. Ming*, 962 P.2d 1286 (Okla. 1998), and other cases. Defendant contends Plaintiff's argument relies on a strained reading of case law and the statute has been narrowly construed to bar recovery when a contract for labor or services is only collaterally involved, citing *Russell v. Flanagan*, 544 P.2d 510 (Okla. 1975), and *Burrows Const. Co. v. Independent Sch. Dist. No. 2*, 704 P.2d 1136 (Okla. 1985).

The Court is persuaded by Plaintiff's argument that § 936 applies to this case under the circumstances. Plaintiff brought this action to recover drilling costs – that is, costs of labor and services to complete the well – that Plaintiff incurred because Defendant allegedly breached the parties' contract for cement services. Plaintiff claimed that Defendant's flawed performance of cement services prevented Plaintiff from completing the well at the planned depth and resulted in Plaintiff's incurring costs for work needed to remedy Defendant's error. In the Court's view, the nature of the underlying obligation – a contract for cement services – falls within the ambit of § 936,

as interpreted by the Oklahoma Supreme Court in *Ming*. This fact is made clear by Defendant's assertion of a counterclaim to collect the unpaid amount due for the cement services it provided, and its defense of Plaintiff's claim based on exculpatory provisions of the service contract. Distilled to its essence, this case was about the cost of a cement job.

Further, Plaintiff was the prevailing party on Defendant's counterclaim, as well as its own claim. The Oklahoma Supreme Court has held that a party who successfully defeats a claim covered by § 936 has an equal right to an attorney fee as the party asserting the claim would have if it had prevailed. *See Professional Credit Collections, Inc. v. Smith*, 933 P.2d 307, 311 (Okla. 1997). In *Smith*, a defendant who was sued on an open account prevailed through a voluntary dismissal of the action after a default judgment was vacated; the supreme court reasoned that the defendant was entitled to recover attorney fees for her success because "equal protection demands like treatment." *Id.*; *see also Lee v. Griffith*, 990 P.2d 232, 234 (Okla. 1999) ("[a] party who successfully defends a [fee-bearing] claim is entitled to an attorney fee award"). Here, Plaintiff's claim and Defendant's counterclaim were direct corollaries of one another, as reflected in the jury instructions and verdict form utilized at trial. The parties stipulated that if Plaintiff failed to prove its contract claim, then Defendant was entitled to the amount due on its counterclaim, but if Plaintiff proved its contract claim, then Defendant was not entitled to any recovery for its services. By proving its claim, Plaintiff also prevailed on Defendant's counterclaim, and thus, Plaintiff is entitled to a reasonable attorney fee under § 936 as the prevailing party on a claim for labor or services.

Accordingly, the Court finds that Plaintiff is entitled to recover an attorney fee in this case, in a reasonable amount to be determined by the Court.

**2.     Amount of a Reasonable Fee**

Plaintiff's fee request is supported by the Affidavit of Thomas G. Wolfe, lead counsel for Plaintiff, whose practice experience and reputation are well known to the Court. The Affidavit is

accompanied by detailed billing records maintained by his law firm that reflect contemporaneous time entries by the attorneys and a paralegal who worked on the case.[2] These records document over 1200 hours devoted to this matter, which was vigorously defended and required extensive discovery involving expert witnesses and out-of-state depositions, and a three-day jury trial. Start to finish, the litigation spanned 21 months, excluding post-trial motions. The Court has carefully reviewed the Affidavit and supporting documents and, for reasons that follow, finds that a reasonable amount of attorney fees is $229,743.37.

In setting an appropriate fee, the Court first determines the reasonable value of the services provided based on standards in the local legal community using the lodestar method, that is, "[t]he hours expended multiplied by the hourly rates of the lawyers involved." *See Green Bay Packaging, Inc. v. Preferred Packaging, Inc.*, 932 P.2d 1091, 1100 (Okla. 1996). From a familiarity with the work performed in this case and local standards, the Court finds that the hourly billing rates of Plaintiff's attorneys are consistent with the rates customarily charged in this community for the legal services rendered, and thus, the requested hourly rates provide a proper basis for determining a reasonable fee. The Court also finds that, with minor exceptions, the legal activities reflected in the billing records of Plaintiff's attorneys were reasonably necessary to the successful litigation of Plaintiff's claims, but that there was a duplication of services among the attorneys who worked on the case. The overlap was primarily caused by a tragic circumstance, the sudden and untimely death of one of Plaintiff's attorneys, Douglas M. Todd, after the Court had issued its summary judgment ruling and the parties had begun preparing for trial. Mr. Todd's time records show that he spent

---

[2] "[T]he time of paralegals is properly includable as a component to be considered in the trial court's assessment of the total value of services rendered." *Taylor v. Chubb Group of Ins. Cos.*, 874 P.2d 806, 809 (Okla. 1994).

many hours in the days immediately before his death in trial preparation. After his death, the Court granted Plaintiff's request for a continuance, and Mr. Todd was replaced principally by G. Calvin Sharp, who served as co-counsel at trial.[3] Mr. Sharp's time records indicate that he spent 30 hours familiarizing himself with the case before he began working on trial submissions and preparation. Although this time was reasonably spent and necessary under the circumstances, the Court finds that there was a duplication of effort that a client, and thus the opposing party, should not be required to pay as legal services. In sum, the Court finds that the total number of hours devoted to the case should be reduced by five percent (5%) to reflect a duplication of services.

Further, the Court finds that a reduction of the lodestar amount is warranted due to Plaintiff's pursuit of a claim for which attorney fees are not recoverable and Plaintiff's lack of success on all issues. Although the parties cite federal case law and authorities, such as *Hensley v. Eckerhart*, 461 U.S. 424 (1983), Oklahoma law governs the award of attorney fees in this diversity case as a matter of substantive law. *See Combs v. Shelter Mut. Ins. Co.*, 551 F.3d 991, 1001 (10th Cir. 2008); *North Tex. Prod. Credit Ass'n. v. McCurtain County Nat'l Bank*, 222 F.3d 800, 817 (10th Cir. 2000). The Oklahoma Supreme Court has held: "An attorney fee award is recoverable to a prevailing party only for the work attributable to a claim for which such fees are statutorily recoverable." *Lee v. Griffith*, 990 P.2d 232, 233 (Okla. 1999). Accordingly, the court has "approved an apportionment of attorney fees where the legal services were performed partly in an action in which attorney fees were recoverable and partly in a matter in which such fees are not allowable." *Sisney v. Smalley*, 690 P.2d 1048, 1052 (Okla. 1984). In reversing an award of attorney fees in a case where the prevailing party was entitled to an award but had asserted counterclaims for which there was no statutory authority

---

[3] Other attorneys who assisted with specific trial and post-trial matters were Catherine Campbell, Heather Hintz, and Kenneth Tillotson.

for fees, the court stated that "the trial court should have reduced the award by the amount attributable to [the party's] unsuccessful counterclaim theories." *Green Bay Packaging, Inc. v. Preferred Packaging, Inc.*, 932 P.2d 1091, 1098 (Okla. 1996). Consequently, appellate courts have required trial courts to reduce fee awards to reflect time spent on non-fee bearing tort claims. *See, e.g.*, *RJB Gas Pipeline Co. v. Colorado Interstate Gas Co.*, 813 P.2d 1, 14 (Okla. Civ. App. 1989) ("There is no statute for recovery of attorney fees in tort actions. Thus, the trial court should have apportioned attorney fees to eliminate those fees for the unsuccessful punitive damages claims."); *accord Combs*, 551 F.3d at 1001 ("the district court correctly recognized its duty to apportion fees between the contract claim and the tort claims").

In this case, Plaintiff pursued a negligence theory of liability and attempted to prove gross negligence in order to recover punitive damages. Plaintiff is not entitled to attorney fees related to this unsuccessful effort to achieve a tort recovery. Plaintiff argues that its contract and tort claims were based on common facts and involved common issues, such as the amount of Plaintiff's damages, and thus, "no allocation of fees to one theory of recovery is necessary or proper." *See* Pl.'s Motion [Doc. No. 92] at 5. Plaintiff also contends it "achieved a true victory" because the jury found for Plaintiff on both its contract and negligence claims and awarded a substantial amount of damages. *See* Pl.'s Reply Br. [Doc. No. 99] at 5. The Court agrees there was a large degree of overlap between Plaintiff's contract and tort theories, both factually and legally, due to the way in which the parties framed the issues. Plaintiff's theory of contractual liability was that Defendant failed to perform the contract in a workmanlike manner, that is, Defendant was negligent. Also, the parties stipulated at trial, as reflected in the jury instructions and verdict form, that the measure of Plaintiff's compensatory damages was the same under either legal theory.

However, Plaintiff's tort claim raised a number of factual and legal issues that were unnecessary to its contract claim. In addition to Plaintiff's effort to prove a degree of fault rising to the level of gross negligence, Plaintiff's negligence theory generated issues of comparative fault and causation that would not have been raised by a purely contract-based recovery.[4] These additional issues were not inconsequential; they had a significant impact on the legal work required to prove Plaintiff's case. Accordingly, while it is difficult to identify particular activities of Plaintiff's attorneys related solely to the tort claim, the Court finds that a percentage reduction is necessary to reflect the fact that this was not simply a contract case to recover for labor or services.[5] Instead, Plaintiff's attorneys endeavored to achieve a tort-based recovery warranting punitive damages. Upon consideration of the trial issues and the parties' trial presentations, the Court finds that Plaintiff's noncontractual effort occupied approximately twenty percent (20%) of the attorneys' time.[6]

For these reasons, the Court finds a 25% reduction of the lodestar amount of $300,745.80 is appropriate and, thus, $225,559.35 represents the value of legal services attributable to Plaintiff's fee-bearing claim. In addition, the Court finds that Plaintiff is entitled to recover as part of its fee award, the compensable expense of $4,184.02 for computer-assisted legal research. In light of Defendant's lack of objection, the Court accepts Mr. Wolfe's representation that attorneys in the

---

[4] In addition to the issue of direct or proximate cause, Defendant asserted there was an intervening cause of Plaintiff's injury.

[5] The Court notes that a few of the attorneys' time entries reflect tort-based legal services, such as researching and drafting trial submissions regarding gross negligence. For the most part, however, the amount of time devoted solely to such issues cannot be determined from the billing records.

[6] Plaintiff contends only "a very small part" of the expert evidence related to tort-based issues. *See* Pl.'s Reply Br. [Doc. No. 99] at 5. To the extent this suggests a percentage of attorney time related to tort issues, the Court respectfully disagrees with this assessment.

local legal community routinely bill clients for this service. Therefore, it is not properly treated as part of the attorney's overhead, contrary to *Atwood v. Atwood*, 25 P.3d 936, 952 (Okla. Civ. App. 2001), and is recoverable as a legal expense.[7] Finally, upon consideration of appropriate factors, as mandated by *State ex rel. Burk v. City of Oklahoma City*, 598 P.2d 659 (Okla. 1979), the Court finds that the total amount of $229,743.37 is a reasonable fee to be awarded in this case.[8]

**C.   Conclusion**

For these reasons, the Court finds that Plaintiff is entitled to an award of attorney fees and that $229,743.37 represents a reasonable fee award.

IT IS THEREFORE ORDERED that Plaintiff Arnold Oil Properties, L.L.C.'s Motion for Attorney Fees [Doc. No. 92] is GRANTED. The Court awards Plaintiff a reasonable attorney fee in the amount of $229,743.37.

IT IS SO ORDERED this 19th day of August, 2011.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[7] In *Atwood*, an appellate court disallowed the recovery of costs incurred by a trustee for Westlaw and other items because they "are part of the attorney's overhead" rather than recoverable legal expenses. This conclusory statement was based only on case authorities that did not so hold. Accordingly, this Court is not persuaded that *Atwood* provides a correct statement of Oklahoma law in this regard.

[8] Federal law is clear that "there is a 'strong presumption' that the lodestar figure is reasonable." *Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1673 (2010). However, the Oklahoma Supreme Court has consistently maintained that "[t]he *Burk* criteria are the standard by which our courts test the reasonableness of . . . attorney fee awards." *In re Adoption of Baby Boy A*, 236 P.3d 116, 124 (Okla. 2010).